# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

RON DEWEESE,

      Plaintiff,

v.                                            Case No. 3:15-cv-32-J-32JRK

ANDREW DORAN, DAVID L.
SENESAC, ANDREA WILLIAMS,
LINDA COZINE, JPMORGAN CHASE
BANK, N.A.,

      Defendants.

---

# O R D E R

On September 22, 2015, the Court advised the defendants who have appeared[1] that the case would be remanded to the Fourth Judicial Circuit in and for Duval County, Florida without further notice if they did not show cause on or before September 29, 2015 why the case should not remanded based on 28 U.S.C. § 1441(b)(2). (Doc. 38.) On September 29, defendants filed a response to the Order contending that plaintiff waived remand under § 1441(b)(2) and, in any event, that he fraudulently joined the Florida defendants. (Doc. 39.) Upon due consideration, the case is due to be remanded.

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am.

---

[1] Andrea Williams has not appeared, and plaintiff thinks it unlikely he will be able to find and serve her. (Doc. 16 at 2.) Thus, when the Court refers to "defendants," it does not include her unless otherwise specified.

Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citing Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108-09 (1941)). Indeed, "[w]here there is any doubt concerning jurisdiction of federal court upon removal, the case should be remanded." Martin v. Mentor Corp., 142 F. Supp. 2d 1346, 1347 (M.D. Fla. 2001) (quotation omitted).

28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable only on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Defendants are correct that this so-called "forum defendant" rule for diversity cases "is a waivable procedural requirement, not a jurisdictional requirement," North v. Precision Airmotive Corp, 600 F. Supp. 2d 1263, 1267-68 (M.D. Fla. 2009); see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998), and can be waived if the opponent of removal does not file a motion to remand within thirty days of removal, Sullivan v. Bottling Grp. LLC, No. 8:13-cv-515-T-33MAP, 2013 WL 3209464 (M.D. Fla. June 24, 2013); see 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Defendants are also correct that the pro se plaintiff only raised the forum defendant rule in his reply brief, not his initial, timely motion to remand, which instead argues a potential violation of the "unanimity requirement" of 28 U.S.C. § 1446(b)(2)(A). (Compare Doc. 16, with Doc. 32.)

However, defendants cite no authority for the proposition that plaintiff must have raised the forum defendant rule in his initial motion to preserve the issue.

Eleventh Circuit precedent is to the contrary. While a court cannot <u>sua</u> <u>sponte</u> remand a case based on a waivable procedural defect, it can order remand based on a procedural defect not raised in a timely-filed motion to remand. <u>Velchez v. Carnival Corp.</u>, 331 F.3d 1207, 1210 (11th Cir. 2003). In doing so, the district court does not act outside its authority because its decision is prompted by a motion that "establishes that the moving party does not want to acquiesce in the federal forum despite any procedural defects." <u>Id.</u> Following the same logic, other courts have allowed remand based on procedural defects raised in filings after the initial, timely motion to remand. <u>Tenn Gas Pipeline Co. v. Cont'l Cas. Co.</u>, 814 F. Supp. 1302, 1311 (M.D. La. 1993) (remanding case based on argument in subsequent amended motion because "[a]s long as a motion to remand is timely filed within the thirty day period, the court should be allowed to determine <u>all</u> procedural defects which are raised while the motion to remand is pending"); <u>see</u> <u>Schexnayder v. Entergy La., Inc.</u>, 394 F.3d 280, 284-85 (5th Cir. 2004) ("By its own terms, § 1447(c) is limited to <u>motions</u>, not <u>issues</u>."). The Court finds that it may properly consider plaintiff's invocation of the forum defendant rule.

As stated in the September 22, 2015 Order, the forum defendant rule is implicated because Defendants Andrew Doran and Linda Cozine are both alleged to be citizens of Florida and had been served at the time of removal. (Doc. 38.) The defendants do not contest either conclusion, but contend that the Florida defendants have been fraudulently joined such that their citizenship cannot be used to defeat removal. (Doc. 39.) The Court disagrees.

> To establish fraudulent joinder, the removing party has the burden of
> proving by clear and convincing evidence that either: (1) there is no

3

> possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. This burden is a heavy one.

Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997)). "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Crowe, 113 F.3d at 1538. To that end, "'the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff.'" Stillwell, 663 F.3d at 1332-33 (quoting Crowe, 113 F.3d at 1538). District courts employ a "lax" pleading standard in deciding a charge of fraudulent joinder, different from the plausibility standard applicable to a Rule 12(b)(6) motion to dismiss. Id. at 1333. Under this lesser standard, "'[i[f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" Crowe, 113 F.3d at 1538 (quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983)). As a result, a "district court's authority to look into the ultimate merits of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." Id. at 1542.

The Court has considered the arguments in defendant's response to the September 22, 2015 Order (Doc. 39), which echo those from their earlier motion to dismiss (Doc. 4). While their arguments may ultimately succeed, they are not enough carry the heavy burden required to defeat remand.

4

Defendants' primarily argue that plaintiff's claims are barred by the <u>res judicata</u> effect of two prior federal lawsuits he filed against Defendant JPMorgan Chase Bank, N.A.[2] Upon due consideration, though, there is enough to distinguish the parties and the claims in these cases that the Court cannot find it impossible that a state court would conclude plaintiff had stated a cause of action against the Florida defendants.[3]

The rest of defendants' arguments against remand—that plaintiff failed to plead (1) a duty owed to him by the Florida defendants, (2) misrepresentations made by the Florida defendants to him, and (3) a personal stake on the part of the Florida defendants in the alleged civil conspiracy—are also insufficient to prevent remand. To the extent defendants seem to suggest that a state court would dismiss the complaint with prejudice based on these potential pleading deficiencies, the Court cannot agree that this is a certainty. Evaluating the complaint in the light most favorable to the <u>pro se</u> plaintiff, he has made sufficient allegations upon which a state court <u>might</u> impose liability against the Florida defendants. Whether plaintiff can prove these allegations, or whether a state court finds them so inartfully pleaded as to require dismissal or

---

[2] District courts may consider outside evidence, like affidavits and depositions submitted by the parties. <u>Id.</u> Defendants refer to but have not submitted any filings from these earlier cases.

[3] Unlike with defendants' motion to dismiss, which was filed by all the defendants, the inquiry here considers only the validity of plaintiff's claims against the Florida defendants. The Court also notes that, though a charge of fraudulent joinder is reviewed against a plaintiff's pleadings at the time of removal. <u>Crowe</u>, 113 F.3d at 1538, plaintiff's response to defendants' motion to dismiss attempts to clarify his causes of action and differentiate them from those raised in the earlier cases (Doc. 15). He has also suggested that he may dismiss his claims against JPMorgan Chase Bank, N.A. to focus on the Florida defendants. (<u>Id.</u> at 7.)

amendment of the complaint, is not the inquiry. Defendants bear the burden of establishing by clear and convincing evidence that plaintiff has no possibility of stating a valid cause of action, and they have not done so here.[4]

Accordingly, it is hereby

**ORDERED**:

1.      Plaintiff's Opposed Motion to Remand (Doc. 16) is **GRANTED**.

2.      The case is **REMANDED** to the Fourth Judicial Circuit in and for Duval County, Florida. The Clerk shall take all necessary steps to effectuate this remand, including forwarding a certified copy of this Order to the state court.

3.      Defendants' Motion to Dismiss or, in the Alternative, Transfer Venue to a Federal Court in Georgia (Doc. 4) is carried with the case to be determined by the state court on remand.

4.      After remand has been effected, the Clerk shall terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 30th day of September, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

---

[4] In reaching this conclusion, however, the Court makes no determination of the ultimate sufficiency of plaintiff's causes of action under Florida law. Moreover, in light of the different standards of review, the Court expresses no opinion as to defendant's motion to dismiss or transfer venue.

bjb
Copies to:

Counsel of record

<u>Via U.S. mail and e-mail to</u>:
Ron DeWeese
196 Madonna Ct.
Unit 9218
Elijay, GA 30540
churon@bellsouth.net
rpdeweese@gmail.com